NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN PATRICK HUGHES,

    Plaintiff,

v.

STATE OF NEW JERSEY, OFFICE OF THE
PUBLIC DEFENDER/DEPARTMENT OF
THE PUBLIC ADVOCATE; JOAN VAN
PELT; JANE AND JOHN DOES 1-10,

    Defendants.

Civ. No. 11-01442

MEMORANDUM OPINION & ORDER

RECEIVED

MAR - 7 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Defendants the State of New Jersey, Office of the Public Defender, and Joan Van Pelt's (collectively, "State Defendants") Motion to Dismiss certain claims for failure to state a claim under FED. R. CIV. P. 12 (b)(6) [docket # 8]. Plaintiff Brian P. Hughes opposes the Motion [12]. The Court has considered the parties' submissions and has decided the matter without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth below, the Court will grant the State Defendants' Motion to Dismiss. Counts IV, V, and VII remain against Defendant Van Pelt.

    I.    BACKGROUND

    The Court accepts as true for the purposes of deciding this motion all of the well-pleaded facts of the Plaintiff's Complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

    Plaintiff is employed by the State of New Jersey as an Assistant Deputy Public Advocate and suffers from "periods of severe anxiety and, on occasion, panic attacks," for which he takes prescription medication. (Compl. at 7).

1

During the period of December 28, 2006 through July 5, 2007, Plaintiff sought "time off and relief from some of the more stressful aspects of his position," "a reduced case load," and "a temporary transfer to a South Jersey facility," which his employer denied and advised him instead to seek new employment. (*Id.* at 7, 9, 17, 21). On June 19, 2007, Plaintiff suffered injuries and a concussion from a car accident. (*Id.* at 8). In September 2007, the Plaintiff took a medical leave of absence under the FMLA from his job at the Department of Public Advocate. (*Id.* at 10–11). The Complaint further alleges that Plaintiff's immediate supervisor, Joan Van Pelt, provided information about Plaintiff's health to several people including a prospective employer and that this, in turn, prevented Mr. Hughes from obtaining that new position. (*Id.*). This information concerned a brain tumor that was discovered and operated on following the Plaintiff's accident. Plaintiff withdrew his candidacy for that new position in November 2007. (*Id.* at 12).

On April 2, 2008, Plaintiff submitted a Tort Claims Notice to Defendants indicating that he intended to file suit for damages based on "retaliation for pursuing his rights under various state and federal laws." (*Id.* at 4). On September 12, 2008, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA") due to Defendants' denial of Plaintiff's reasonable accommodation request. (*Id.* at 17).

Plaintiff further alleges that since filing the EEOC complaint he has faced retaliation in the form of an improper disciplining for "performance issues related to this disability." (Pl.'s Opp'n Br. at 3). On August 19, 2009, Plaintiff filed a second Charge of Discrimination with the EEOC. (*Id.*). Plaintiff alleged that he had been approved for a temporary transfer to a South Jersey facility to accommodate his disability prior to filing the initial Charge of Discrimination. (*Id.*). After filing the Charge, Plaintiff alleges that he was advised by his superior that the

transfer would not take place unless and until he withdrew the Charge. (*Id.* at 4). When Plaintiff refused to withdraw the Charge, the transfer was not implemented. (*Id.*). Plaintiff also alleges the performance reviews thereafter included inaccurate information. (*Id.*).

On March 14, 2011, Plaintiff filed a nine-count Complaint, which alleged, *inter alia*, claims of retaliation and discrimination. (Compl.). Counts I, II, and III of Plaintiff's Complaint alleged retaliation and discrimination under the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD"). Counts IV and V alleged discrimination and retaliation under the Family and Medical Leave Act ("FMLA"). In Counts VI, VII, VIII, and IX Plaintiff alleged several tort claims, respectively, public disclosure of private facts, tortuous interference with a First Amendment right to keep medical information secret under 42 U.S.C. § 1983, tortuous interference with employment contract, and intentional infliction of emotional distress.

On July 25, 2011, State Defendants moved to dismiss certain counts of Plaintiff's Complaint for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), arguing: (1) that Plaintiff's claims under the ADA, and FMLA are barred by the Eleventh Amendment to the United States Constitution; (2) that Plaintiff cannot maintain a claim under 42 U.S.C. § 1983 against State Defendants, as these Defendants do not qualify as "persons" as defined under that statute and case law; and (3) that the tort claims are barred because the period during which Plaintiff could have filed a timely complaint has expired. (Defs.' Br. at 9–10). The Motion is silent on Counts Four, Five, and Seven against Defendant Joan Van Pelt in her individual capacity.

II.     STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.

3

2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favourable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court should, however, disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the 'facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1950).[1]

### III.  ANALYSIS

State Defendants contend that the Complaint fails to state a claim under 12(b)(6) as the State Defendants are immune from suit under the Eleventh Amendment. States and state agencies are generally immune from suit by private parties in federal court under the Eleventh Amendment. *See, e.g., Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). This immunity extends to state agencies and departments. *Laskaris v. Thornburgh*, 661 F.2d 23, 25

---

[1] The issue of state sovereign immunity under the Eleventh Amendment, though normally brought pursuant to Rule 12(b)(1), is also properly considered on a motion to dismiss under Rule 12(b)(6). *See, e.g., Carter v. City of Phila.*, 181 F.3d 339, 343 (3d Cir. 1999) (considering sovereign immunity under Rule 12(b)(6)); *Brown v. City of Camden (In re Camden Police Cases)*, Nos. 11-1315, 10-4757, 2011 U.S. Dist. LEXIS 92314, * 6–7 (D.N.J. Aug. 18, 2011) (same).

(3d Cir. 1981). *See also Antonelli v. New Jersey*, 310 F. Supp.2d 700, 712 ("sovereign immunity is routinely extended to state agencies and state officials acting in their official capacities."). The Office of the Public Defender and the Office of the Public Advocate are state agencies. *Peterson v. Rinkus*, No. 10-5316, 2011 U.S. Dist. LEXIS 57992 *6 (D.N.J. May 31, 2011) ("The Office of the Public Defender is an agency established by the State of New Jersey, in the Executive Branch, to fulfill the State's obligation to provide representation to indigent criminal defendants.").

There are only three exceptions to Eleventh Amendment immunity: "(1) abrogation by an Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003). A state may waive its sovereign immunity and consent to suit in federal court but such consent must be "unequivocally expressed." *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Edelman v. Jordan*, 415 U.S 651, 673 (1974) ("In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'") (citing *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

   A. NJLAD Claim

Several courts within this district have previously held that the State of New Jersey may not be sued in federal court under the NJLAD. *See, e.g., Garcia v. Richard Stockton Coll. of New Jersey*, 210 F. Supp. 2d 545, 547 (D.N.J. July 11, 2002); *Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 683 (D.N.J. Oct. 31, 2003) ("The NJLAD does not contain the express language

required to waive the State's immunity from suit in federal court, therefore, State Defendants retain their immunity."); *Chilholm v. McManimon*, 275 F.3d 315, 323 (D.N.J Dec. 28, 2001).

Additionally, individual liability does not exist under the NJLAD absent evidence that the individual was "aiding and abetting" discrimination by the employer. *See Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 138 (D.N.J Mar. 18, 1999). Such proof is impossible if the Court has no jurisdiction over the employer. Since the State employer is immune from liability under the NJLAD, individual liability does not exist. Therefore the NJLAD claim must be dismissed as to the State of New Jersey, Office of the Public Defender, and Joan Van Pelt.

### B. ADA

Plaintiff argues that *United States v. Georgia*, 546 U.S. 151 (2006), held that Congress validly abrogated state sovereign immunity through the ADA. (Pl.'s Opp'n Br. at 8). That case, State Defendants correctly counter, was brought under Title II, a provision which they contend "does not apply to state entities with Eleventh Amendment immunity." (Defs.' Br. at 5). State Defendants appear to rely on a passage in *Bowers v. NCAA* that, in turn, refers to a passage in *Pennhust* noting that sovereign immunity extends to entities that are considered arms of the state. *Bowers v. NCAA*, 475 F.3d 524, 552–53 (3d Cir. 2007). This, however, does not address the pertinent question—whether Congress abrogated sovereign immunity under Title II of the ADA.

### I. Title II

A careful reading of *Bowers* reveals "that Congress validly abrogated sovereign immunity under Title II of the Americans with Disabilities Act." *Id.* at 528. *See also Reynolds v. Pennsylvania*, No. 09-1492, 2010 U.S. Dist. LEXIS 61223 *21–22 (M.D. Pa. June 21, 2010) ("Congress unequivocally expressed its intent to abrogate immunity in Title II of the ADA."). The obstacle to Plaintiff's claim is not lack of Congressional abrogation but insufficiently pled facts. Plaintiff identifies no denial of services as a result of his disability. Finally, even if

6

Plaintiff identified a denial of services, Defendant Van Pelt, in her individual capacity, could not be held individually liable under Title I and II of the ADA. *See Emerson v. Thiel College*, 96 F.3d 184, 189 (3d Cir. 2002) ("individuals are not liable under Title I and II of the ADA.").

II.   Title V

Retaliation under the ADA falls under Title V, which the Third Circuit has not yet addressed. At least one court in this district, however, has noted that claims under Title V of the ADA against the state of New Jersey would be barred by the Eleventh Amendment. *See Foster v. N.J. DOT*, No. 04-101, 2005 U.S. Dist. LEXIS 36439, *16 n. 7 (D.N.J. Dec. 27, 2005) (collecting cases). The Court accordingly declines to find that Congress abrogated sovereign immunity under Title V.

In a final bid to defeat sovereign immunity, Plaintiff characterizes the alleged violations of federal law as ongoing and claims to seek prospective declaratory and injunctive relief which is permitted under *Ex Parte Young*, 209 U.S. 123 (1908). Plaintiff, however, never states what kind of prospective relief he seeks. (*See* Pl.'s Opp'n Br. at 5). *Ex Parte Young* is therefore inapplicable.

Finally, Defendant Van Pelt cannot be held, in her individual capacity, liable under Title V of the ADA for any activity arising out of an employment relationship. *See Douris v. Schweiker*, 229 F. Supp. 2d 391, 397 (E.D. Pa. 2002), *aff'd*, 100 Fed. Appx. 126 (3d Cir. 2004). *See also Shine v. TD Bank Fin. Group*, No. 09-4377, 2010 U.S. Dist. LEXIS 69529, *20–21 (D.N.J. July 12, 2010) ("employment retaliation claims under Title V [of the ADA] cannot be maintained against an individual."). Plaintiff's ADA claims are therefore barred by the Eleventh Amendment and Counts One, Two and Three must be dismissed as to State of New Jersey, Office of the Public Defender, and Joan Van Pelt.

C. *FMLA*

Plaintiff has additionally alleged that Defendants retaliated and discriminated against him in violation of the FMLA. The FMLA creates a cause of action for employees seeking equitable relief and monetary damages "against any employer in any Federal or State court of competent jurisdiction," 29 U.S.C. § 2617(a) (2), should that employer "interfere with, restrain or deny the exercise of" FMLA rights. 29 U.S.C. § 2615(a)(1). *See Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 725 (2003).

The Supreme Court of the United States has held that private suits may be brought against states where the "family-care" provisions of the FMLA are in question. *See Hibbs*, 538 U.S. at 737–740. The FMLA also allows for "self-care," which permits employees to take medical leave for personal reasons "because of a serious health condition that makes the employee unable to perform the functions of the position of such employ[ment]." 29 U.S.C. § 2612(a)(1)(D). Plaintiff applied for "self-care" and not for "family care." (Yi Cert., Ex. A ¶¶ 40, 48, 56, 59, 144–157).

Defendants the State of New Jersey and the Office of the Public Defenders are immune because Plaintiff's claims are under the "self-care" provision of the FMLA. *See Banks v. Court of Common Pleas FJD*, 342 Fed. Appx. 818, 821 (3d Cir. 2009) ("private suits for damages may not be brought against states for alleged violations of the FMLA, which arise under the Act's self-care provision"). *See also O'Donnell v. Pa. Dep't of Corr.*, 790 F. Supp. 2d 289, 298–99 (M.D. Pa. 2011) (dismissing the plaintiff's claim because the Eleventh Amendment bars claims against the state's Department of Corrections predicated on alleged violations of the self-care provision of the FMLA). Consequently, Plaintiff's self-care claims against the State of New Jersey and the Office of the Public Defender are barred by the Eleventh Amendment. Therefore Counts Four and Five must be dismissed as to the State of New Jersey and the Office of the

Public Defender. The motion to dismiss did not address the claim against Defendant Van Pelt, but the Court notes that individuals may be held liable under the FMLA. *See Haybarger v. Lawrence*, No. 10–3916, 2012 WL 265996, *4 (3d Cir. Jan. 31, 2012).

### D. Sixth, Seventh, Eighth and Ninth Counts

#### I. § 1983 Claim

Plaintiff alleges that State Defendants tortuously interfered with his First Amendment right to keep medical information secret. Section 1983 prohibits the "deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. State Defendants contend that they are immune from suit under Section 1983. Section 1983 provides a cause of action only against "persons," whose definition does not encompass the State, its agencies, or its state officers, when acting in an official capacity. *Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendants State of New Jersey and the Office of the Public Defender, a department or agency of the State of New Jersey as discussed *supra*, are therefore immune from this claim. Plaintiff has acknowledged that "the allegations of Count Seven are directed solely as to Defendant Van Pelt." (Pl.'s Opp'n Br. at 27). Suit against Defendant Van Pelt in her official capacity is also barred. *Mich. Dep't of State Police*, 491 U.S. at 71.

#### II. Tort Claims – Statutory Notice Requirements of NJSA Title 59

Plaintiff also alleges that Defendants tortuously disclosed private facts, interfered with his employment contract, and intentionally inflicted emotional distress. Tort claims against the State of New Jersey are governed by Title 59 of the New Jersey Statutes. *Badalamente v. Monmouth Cnty. Prosecutor's Office*, 08-2501, 2011 WL 1898833, *8 (D.N.J. May 17, 2011). Plaintiff's claims for public disclosure, tortuous interference with employment contract, and intentional infliction of emotional distress must conform to this statute. N.J.S.A. 59:1-2. One requirement that plaintiffs must satisfy is to timely file of a notice of claim, with either the Attorney General

of New Jersey or the defendant state agency, prior to the filing of a lawsuit. N.J.S.A. 59:8-3. This requirement also applies to claims against public employees. *See Velez v. City of New Jersey*, 180 N.J. 284 (2004). Title 59 further mandates that claims are "forever barred" if claimant "failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9" or "two years have elapsed since the accrual of the claim." N.J.S.A. 59:8-8; *see also Rolax v. Whitman*, 175 F.Supp. 2d 720 (D.N.J. Nov. 1, 2011) ("The New Jersey statute of limitations for claims asserting personal injuries is two years"). A notice of claim may be filed out-of-time in limited circumstances and must take the form of a motion, submitted within one year of the accrual of the claim and affidavits filed in support of the motion must set forth reasons to meet a "strict standard" of "extraordinary circumstances." *Zois v. New Jersey Sports & Expo. Auth.*, 670 A.2d 92, 93 (N.J. Super. Ct. App. Div. 1996). These circumstances are limited to: "(1) the claimant seeking to file a late claim shows reasons constituting "extraordinary circumstances" for the claimant's failure to meet the 90–day filing requirement; and (2) that the defendant(s) are not "substantially prejudiced thereby." *Tripo v. Robert Wood Johnson Medical Center*, No. 11–2050, 2012 WL 113609 (D.N.J. Jan. 13, 2012) (citing N.J.S.A. 59:8-9). Plaintiff has not submitted any such motion.

Plaintiff additionally alleges that on April 2, 2008, he filed a notice of tort claim to State Defendants. (Compl. at 4). Plaintiff therefore had until April 2, 2010, to file a lawsuit. Plaintiff commenced this proceeding on March 14, 2011 and consequently failed to comply with the statute's notice and time limit requirements. Plaintiff therefore does not appear to have any viable tort causes of action. Plaintiff argues that "it is patently unclear from the complaint when Plaintiff knew of the torts." (Pl.'s Opp'n Br. at 23). He then points to "discrete incidents" during which State Defendants allegedly disclosed medical information to Plaintiff's prospective employer and an email in which the supervisor urged the Plaintiff to withdraw his candidacy

from a position. (*Id.* at 23–24). But none of these episodes post-date the EEOC Complaint. A notice of claim is presumed to establish a date of injury *prior to* the date the claim is filed and knowledge of that injury triggers the two year statute of limitations. *See Kolczycki v. City of East Orange*, 722 A.2d 603 (N.J. Super. Ct. App. Div. 1999). Plaintiff has failed to allege sufficient facts for the Court to believe that recovery on this ground would be plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

## IV. CONCLUSION

For the reasons set forth above,

IT IS on this ___ day of March, 2012

ORDERED that Defendants' Motion to Dismiss [docket # 8] is hereby GRANTED.

ORDERED Counts One, Two, Three Four, Five, Six, Seven, Eight, and Nine are dismissed as to Defendants State of New Jersey and the Office of the Public Defender and Counts One, Two, Three, Six, Eight, and Nine as to Defendant Van Pelt.

_____
ANNE E. THOMPSON, U.S.D.J.